# EXHIBIT B

June 9, 2017

**Via UPS Express Overnight Delivery**

J.C. Dacier
Senior Investigator
New York State Department of Labor
Harriman State Office Campus
Building 12, Room 185A
Albany, NY 12240

**Re:**

**Wage Claim Number:**

Dear Mr. Dacier:

In resolution of the above-referenced wage claim, enclosed please find check no. 4071593 payable to  in the amount of $70.58, as a late payment penalty.

Thank you for your assistance in resolving to this matter.

Very Truly Yours,

Enclosure



| | | | | | | |
|---|---|---|---|---|---|---|
| SETTLEMENT | 060617 | 10 | 06/06/17 | 70.58 | | 70.58 |
| | | | | 70.58 | | 70.58 |



PAY SEVENTY AND 58/100 ********************************** ******************************

TO THE ORDER OF

**********70.58

TO VERIFY AUTHENTICITY OF THIS CHECK, RUB OR BREATHE ON THE OVAL; COLOR WILL DISAPPEAR, THEN REAPPEAR

MP

**From:** Dacier, J.C. (LABOR) <J.C.Dacier@labor.ny.gov>
**Sent:** Tuesday, June 06, 2017 2:26 PM
**To:**
**Subject:** RE: [External]RE:

What you have proposed will resolve the claim. Thanks for the quick turnaround.

**Sent:** Tuesday, June 06, 2017 3:22 PM
**To:** Dacier, J.C. (LABOR) <J.C.Dacier@labor.ny.gov>
**Subject:** RE: [External]RE:

ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.

Investigator Dacier:

Payroll Department confirmed the following hours worked between 10/10/16 and 10/14/16, and the corresponding paychecks (*copies attached*):

**10/10/16:**
7.50 hours
Paycheck dated 12/8/2016

**10/11/16:**
7.50 hours
Paycheck dated 10/28/2016

**10/13/16:**
7.50 hours
Paycheck 10/31/2016

**10/14/16:**
6.50 hours
Paycheck 10/31/2016

As the pay was late, I will arranged to forward a check payable to in the amount of $70.58 (no deductions) as liquidated damages.

If this will not resolve this wage claim, please advise. Thank you for your attention to this matter.

**From:** Dacier, J.C. (LABOR) [mailto:J.C.Dacier@labor.ny.gov]
**Sent:** Tuesday, June 06, 2017 10:50 AM

**Subject:** [External]RE:

Thanks so much for responding. I initially had a hard time finding anyone knowledgeable to discuss this matter with at ▇▇▇. I am glad that you're working on this.

▇▇▇ alleges that she worked 15.68 hours at $9.00 per hour during between 10/10 & 10/14/16 and that Regis withheld her wages ($141.15).

When employers fail to pay their employees on a timely basis they subject themselves to paying the employee damages in addition to wages. The amount due is $141.15 + 50% liquidated damages. New total: $211.73. If your research shows that the main part of this claim has already been paid, but it was paid more than seven days after the end of the pay period in question then the 50% damages are still due, i.e. $70.58.

Per your request the original notice accompanies this email as an attachment.   Payment (if due) should go to the address shown beneath my name, check payable to 'Commissioner of Labor' or ▇▇▇  Deadline: 6/23/17.

Respectfully yours,

**Mr. J.C. Dacier**
Senior Investigator

**New York State Department of Labor**
Harriman State Office Campus
Building 12, Room 185A, Albany NY 12240
P: (518) 485-6334 |
www.labor.ny.gov | j.c.dacier@labor.ny.gov
Facebook | Twitter | YouTube | Linkedin

---

**Sent:** Tuesday, June 06, 2017 10:49 AM
**To:** Dacier, J.C. (LABOR) <J.C.Dacier@labor.ny.gov>
**Subject:** ▇▇▇ your employee ▇▇▇

ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.

Mr. Dacier:

Your email below was recently forwarded to me. I will be handling this matter, so you can forward future communications to me attention.

I have our payroll department researching this and should have responsive information from them yet today. Early indications are that this was raised previously and ▇▇▇ was properly paid. I will get you documented confirmation.

In the meantime, I do not have the complaint or complaint letter you reference below. Could you please forward for our records?

**From:** Dacier, J.C. (LABOR) [mailto:J.C.Dacier@labor.ny.gov]
**Sent:** Wednesday, May 31, 2017 11:12 AM

Dear Sir/Madam:

We have not received ▮ esponse to our letter notifying ▮ of ▮ laim for unpaid wages.

▮ alleges that she worked 15.68 hours at $9.00 per hour during between 10/10 & 10/14/16 and that ▮ withheld her wages ($141.15).

It is a violation of Sections 191.1D and/or 191.1A NYS Labor Law to withhold wages from an employee. When employers underpay their employees they subject themselves to paying the employee damages in addition to wages. The amount due is $141.15 + 50% liquidated damages. New total: $211.73.

▮ must submit payment in the amount of $211.73 to our office within 10 days of the date of this letter to resolve this matter. Make the check payable to the Commissioner of Labor or ▮ and note the case number (see above) on the check's memo line. ▮ may remit the net amount if ▮ provides an itemization of all statutory deductions. Otherwise payment of the gross is acceptable.

If ▮ disagrees with the amount found due ▮ must provide a full explanation with evidence to support ▮ contentions. Such evidence must include:
- A copy of the legally required wage rate notification issued to ▮ upon hire.
- Contemporaneous time cards and payroll records showing daily and weekly hours worked and wages earned by ▮ during the time frame in question, i.e. the weeks listed in this letter's second paragraph. Please account for any statutory deductions such as social security, income tax, etc. that may have been deducted from ▮ earnings.

NYS Labor Law holds owners and agents of a business personally responsible for the payment of wages. Action will be held in abeyance for 10 days to allow Regis to remit payment or, conversely, exonerating evidence as described above.

Failure to resolve this claim by 6/16/17 may result in an Order to Comply being issued against ▮ An Order to Comply will impose compound interest at 16% plus fines and civil penalties above the amount found due.

We will also assess up to 100% Liquidated Damages on the above amount as authorized by Law.

Thank you for helping us to resolve this dispute.

Respectfully yours,

**Mr. J.C. Dacier**
Senior Investigator

**New York State Department of Labor**
Harriman State Office Campus
Building 12, Room 185A, Albany NY 12240
P: (518) 485-6334 |
www.labor.ny.gov | j.c.dacier@labor.ny.gov

Facebook | Twitter | YouTube | Linkedin



Date   10/28/2016

$61.99

DEPOSITED   SIXTY-ONE DOLLARS 99 CENTS

TO THE ACCOUNT OF

NON-NEGOTIABLE

THIS IS NOT A CHECK

| Payroll Dates | Check Date |
|---|---|
| 10/01/2016 - 10/15/2016 | 10/28/2016 |



| Employee Identification Number | Hire date | Federal Status | State/Prov Status | Taxing State | Salon | Rate | Regular Hours | Overtime Hours | Commissionable Service Sales | Retail Sales |
|---|---|---|---|---|---|---|---|---|---|---|
|  | 8/03/2016 | S 3 | S 0 | NY |  |  |  |  |  |  |

| EARNINGS |  |  |  |  | ADJUSTMENTS |  |  | TAXES AND DEDUCTIONS |  |  |
|---|---|---|---|---|---|---|---|---|---|---|
|  | HRS/UNITS | RATE | CURRENT | YTD | DESCRIPTION | CURRENT | YTD | DESCRIPTION | CURRENT | YTD |
| RETRO PAY |  |  | 67.50 |  | SALON 9913 |  |  | SOC SEC TAX | 4.19 | 39.58 |
| YTD EARNINGS |  |  |  | 638.37 |  |  |  | MEDICARE TAX | .98 | 9.26 |
|  |  |  |  |  |  |  |  | STATE DISABLTY | .34 | 3.20 |
|  |  |  |  |  |  |  |  | DIRECT DEPOSIT | 61.99 | 586.33 |
| GROSS PAY |  |  | 67.50 | 638.37 | ADJUSTMENTS |  | .00 | .00 | TAXES AND DEDUCTIONS | 67.50 | 638.37 |

****** ADDITIONAL INFORMATION ******

|  | EARN | USED | BAL |
|---|---|---|---|
| VAC | .00 | .00 | .00 |

| | CURRENT | YTD |
|---|---|---|
| NET PAY | 61.99 | 586.33 |

Date   10/31/2016

$127.48

**DEPOSITED**   ONE HUNDRED TWENTY-SEVEN DOLLARS 48 CENTS

TO
THE
ACCOUNT
OF

**NON-NEGOTIABLE**

**THIS IS NOT A CHECK**



| Payroll Dates | Check Date | Check Number |
|---|---|---|
| 10/01/2016 - 10/15/2016 | 10/31/2016 | 54140365 |

| Employee Identification Number | Hire date | Federal Status | State/Prov Status | Taxing State | Salon | Rate | Regular Hours | Overtime Hours | Commissionable Service Sales | Retail Sales |
|---|---|---|---|---|---|---|---|---|---|---|
| 410259 | 8/03/2016 | S 3 | S 0 | NY | | | | | | |

| EARNINGS ||||| ADJUSTMENTS ||| TAXES AND DEDUCTIONS |||
|---|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HRS/UNITS | RATE | CURRENT | YTD | DESCRIPTION | CURRENT | YTD | DESCRIPTION | CURRENT | YTD |
| RETRO PAY | | | 126.00 | | SALON 9918 | | | SOC SEC TAX | 8.60 | 48.18 |
| VACATION PAY | 1.27 | | 12.78 | | | | | MEDICARE TAX | 2.01 | 11.27 |
| YTD EARNINGS | | | | 777.15 | | | | STATE DISABLTY | .69 | 3.89 |
| | | | | | | | | DIRECT DEPOSIT | 127.48 | 713.81 |
| GROSS PAY | | | 138.78 | 777.15 | ADJUSTMENTS | .00 | .00 | TAXES AND DEDUCTIONS | 138.78 | 777.15 |

****** ADDITIONAL INFORMATION ******

| | EARN | USED | BAL | | CURRENT | YTD |
|---|---|---|---|---|---|---|
| VAC | 1.27 | 1.27 | .00 | | | |
| | | | | NET PAY | 127.48 | 713.31 |

Date   12/08/2016

$62.33

DEPOSITED   SIXTY-TWO DOLLARS 33 CENTS

TO THE ACCOUNT OF

NON-NEGOTIABLE

THIS IS NOT A CHECK

| Payroll Dates | Check Date | Check Number |
|---|---|---|
| 11/16/2016 - 11/30/2016 | 12/08/2016 | 54142605 |

Employee Name

| Employee Identification Number | Hire date | Federal Status | State/Prov Status | Taxing State | Salon | Rate | Regular Hours | Overtime Hours | Commissionable Service Sales | Retail Sales |
|---|---|---|---|---|---|---|---|---|---|---|
| 410259 | 8/03/2016 | S 3 | S 0 | NY | | | | | | |

| EARNINGS | | | | | ADJUSTMENTS | | | TAXES AND DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | HRS/UNITS | RATE | CURRENT | YTD | DESCRIPTION | CURRENT | YTD | DESCRIPTION | CURRENT | YTD |
| | | | | | SALON  9918 | | | SOC SEC TAX | 4.19 | 52.37 |
| RETRO PAY | 7.50 | 9.0000 | 67.50 | | | | | MEDICARE TAX | .98 | 12.25 |
| YTD EARNINGS | | | | 844.65 | | | | STATE DISABLTY | | 3.89 |
| | | | | | | | | DIRECT DEPOSIT | 62.33 | 776.14 |
| GROSS PAY | | | 67.50 | 844.65 | ADJUSTMENTS | .00 | .00 | TAXES AND DEDUCTIONS | 67.50 | 844.65 |

****** ADDITIONAL INFORMATION ******

| | EARN | USED | BAL | | CURRENT | YTD |
|---|---|---|---|---|---|---|
| VAC | 1.27 | 1.27 | .00 | | | |
| | | | | NET PAY | 62.33 | 776.14 |



**New York State Department of Labor**
**Andrew M. Cuomo,** Governor
**Roberta Reardon,** Commissioner

DATE: November 14, 2016



ADDRESS REPLY TO:
State Office Bldg. Campus
Building 12, Rm. 185C
Albany, NY 12240-0122
Fax: 518-485-6001

REFER TO:
LS10 2016010117

Claim(s) for wages and/or wage supplements have been filed against you by the following employee(s):

| Name | Occupation | Salary | Period of Claim | Type of Claim / Amount | |
|---|---|---|---|---|---|
| | Hair Stylist | 9.00 Hour | 10/10/2016 - 10/14/2016 | Wage Claim: | $141.15 |
| **Complaint** Employee claims she worked and was not paid in full for the above listed period. | | | | Total | $141.15 |

This Department, under Articles 6 and 19 of the Labor Law, is authorized to collect any amounts found due from employers after after investigating claims of unpaid wages and wage supplements.

Regardless of any dispute you may have with the employee(s) who filed this claim(s), if the amount listed above is correct please remit a check or money order payable to the Commissioner of Labor. If you are paying the net amount, send a list of itemized legal deductions with the payment.

Labor Law requires employers to keep accurate payroll records and provide them upon request. If you do not agree with this claim, send records of hours worked and wages paid for the relevant period and a statement giving your reason for objecting. If the claim is for a wage supplement, send a copy of your written fringe benefit policy.

<u>Your payment, or response objecting to the amounts claimed, is due in this office on or before November 24, 2016</u>. Please write your federal employer identification number (FEIN) and this case number on any payment or correspondence.

If you do not respond by the above date, the Department will assess 25% liquidated damages to the amount claimed. Failure to pay wages is a serious matter and can result in civil and criminal action against you.

We trust that we can count on your cooperation in resolving this matter.

Sincerely,

Jenita Delgado-Holley
Supervising LS Investigator