**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC FREELAND, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> -against- <br><br> FINDLAY'S TALL TIMBERS DISTRIBUTION CENTER, LLC d/b/a/ OHIO LOGISTICS, <br><br> Defendant. | No. 22 Civ. 6415 (FPG) <br><br> CLASS AND COLLECTIVE ACTION COMPLAINT |

\

Eric Freeland ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions including but not limited to team leaders, forklift operators, maintenance specialists, packers, warehouse associates, and similarly situated hourly positions (collectively, "Hourly Workers") who work or have worked for Findlay's Tall Timbers Distribution Center, LLC d/b/a Ohio Logistic ("FTTDC" or "Defendant").

2. Headquartered in Findlay, Ohio, FTTDC provides warehousing and logistical support services throughout the Eastern United States

1

3.	To conduct their operations, FTTDC operates over 24 locations and employs over 400 Hourly workers.

4.	At all relevant times Defendant has compensated Plaintiff and all other Hourly workers on an hourly basis.

5.	At all relevant times, Defendant has also paid Plaintiff and all other Hourly Workers non-discretionary bonuses, including but not limited to, attendance bonuses.

6.	At all relevant times, Defendant paid Plaintiff and all other Hourly Workers an overtime rate that failed to calculate their commissions, as required by law.

7.	At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

8.	Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

9.	In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

10.	Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

11.	As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

12.	Defendant failed to provide Plaintiff and similarly situated Hourly Workers with an

accurate statement of wages pursuant to NYLL § 195(3), as the paystubs provided failed to notate Plaintiff's and similarly situated Hourly Workers' correct overtime rate.

13. Plaintiff relied on his paystubs to ensure that Defendant paid him the correct rate for his hours worked.

14. Defendant provided Plaintiff with inaccurate wage statements. In this regard, Defendant's wage statements failed to provide Plaintiff's correct overtime rate that Plaintiff was entitled to receive.

15. Moreover, Defendant's pay statements did not reflect the specific week in which Plaintiff received overtime payments and bonuses, which obscured the proper rates Plaintiff should be paid each week he worked overtime.

16. In addition, Defendant provided separate paystubs for bonus payments, which further obscured Plaintiff's proper overtime rate and added to the difficulty of determining whether Plaintiff was correctly paid.

17. Due to Defendant's failure to provide the correct overtime rate on the wage statements provided to Plaintiff and similarly situated Hourly Workers, Plaintiff and similarly situated Hourly Workers were misinformed about the correct overtime rate they were entitled to receive.

18. Accordingly, Plaintiff and similarly situated Hourly Workers could not tell what their correct rates should have been by reading their paystubs.

19. Defendant's incomprehensible and incorrect wage statements allowed Defendant to continue their unlawful wage and hour scheme without Plaintiff's or similarly situated Hourly Workers' awareness that they were being underpaid. Accordingly, Plaintiff and similarly situated Hourly Workers are entitled to statutory penalties of two hundred fifty dollars for each workday that

Defendant failed to provide them with accurate wage statements, up to a total of five thousand dollars each pursuant to NYLL § 195(3).

20. Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

## THE PARTIES

**Plaintiff**

### Eric Freeland

21. Eric Freeland ("Freeland") is an adult individual who is a resident of Addison, New York.

22. Freeland was employed by FTTDC as an Hourly Worker from in or around April 2021 through approximately April 2022.

23. Freeland is a covered employee within the meaning of the FLSA and the NYLL.

24. A written consent for Freeland is being filed with this Class Action Complaint.

**Defendant**

### Findlay's Tall Timber Distribution Center, LLC d/b/a Ohio Logistic

25. FTTDC is a foreign business corporation organized and existing under the laws of Ohio.

26. FTTDC's principal executive office is located at 1800 Industrial Drive, Findlay, Ohio, 45840.

27. FTTDC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

28. FTTDC has maintained control, oversight, and direction over Plaintiff and similar

employees, including timekeeping, payroll, and other employment practices that applied to them.

29. FTTDC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

30. Upon information and belief, at all relevant times, FTTDC has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

32. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

33. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

34. There are over 100 members in the proposed class.

35. Defendant is subject to personal jurisdiction in New York.

36. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all

similarly situated persons who work or have worked as Hourly Workers for FTTDC who elect to opt-in to this action (the "FLSA Collective").

38. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

39. Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay, including earned non-discretionary bonuses, for all hours worked beyond 40 per workweek.

40. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

41. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the correct overtime wages for all hours worked in excess of 40 hours per workweek.

42. An employer "willfully violates the FLSA when it either new or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *See Young v. Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

43. According to *Whiteside v Hover-Davis*, "a claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *See* 995 F.3d 315, 323 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "For a plaintiff to nudge their claim 'across

the line from conceivable to plausible,' [they] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *See Id.* (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)).

44. Defendant knew or should have known that their wage and hour practices with regards to Hourly Workers violated the FLSA's overtime requirements. In this regard, district courts around the country, including district courts throughout New York, have repeatedly ruled that non-discretionary bonuses must be factored into a worker's overtime rate.

45. Defendant's willful violation of the FLSA is further evidenced by their operation of a business large enough to employ over 400 Hourly Employees and generate over $22,000,000 million in sales across more than 30 states.[1]

46. To support their operations, Defendant either employs or contracts multiple attorneys with the specific job duty of ensuring compliance with federal and state labor laws, or Defendant recklessly disregards these laws.

47. Accordingly, it is clear that Defendant recklessly disregarded the law, because their substantial operation size does not allow for mere ignorance of their flagrant violation of the FLSA.

48. As such, Defendant's failure to pay overtime constitutes a willful violation of the FLSA.

**NEW YORK CLASS ACTION ALLEGATIONS**

49. Plaintiff brings the Second, Third and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

---

[1] https://www.ohiologistics.com/Ohio-Logistics-NorthPoint-2018.pdf

>All persons who work or have worked as Hourly Workers for FTTDC in New York between February 9, 2016[2] and the date of final judgment in this matter (the "New York Class").

50. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

51. There are more than fifty members of the New York Class.

52. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

53. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

54. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

55. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

---

[2] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

57. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

(a) Whether Defendant correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;

(b) whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis;

(c) whether Defendant failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

58. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Eric Freeland**

59. Throughout his employment, Freeland was employed at the FTTDC's warehouse located at 736 Addison Road, Painted Post, New York 14870 as an hourly employee from approximately April 2021 through April 2022.

60. During his employment, Freeland frequently worked over 40 hours per week. In weeks were Freeland worked over 40 hours per week and bonuses, Defendant failed to calculate the overtime rate including bonuses.

9

61. For example, for the pay period of May 31, 2021 to June 13, 2021, Freeland worked 7 hours and 45 minutes of overtime and earned a non-discretionary bonus, therefore the overtime he was paid of $21.75 per hour failed to account for the bonus he earned. *See* **Exhibit A**, Freeland Paystub.

62. During Freeland's employment, over twenty-five percent of Freeland's duties were physical tasks, including but not limited to: (1) lifting and carrying equipment and freight up to fifty pounds; (2) operating heavy machinery; (3) breaking down ceramic parts by hand; and (4) standing for long periods of time.

63. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Freeland has been compensated by Defendant on a bi-weekly basis.

64. As a result of Defendant's untimely wage payments, Freeland was underpaid for the first seven days of each bi-weekly pay period, and thus Defendant paid Freeland on an untimely basis.

65. For example, for the period beginning on May 31, 2021 to June 13, 2021, Freeland was paid his lawfully earned wages on June 18, 2021. *See* **Exhibit A**.

66. In this regard, Defendant failed to pay Freeland his wages earned from May 31, 2021 to June 6, 2021 by June 13, 2021 as required by NYLL § 191(1)(a).

67. As a result of Defendant's untimely wage payments, Freeland was underpaid for the period of May 31, 2021 to June 6, 2021, and for every corresponding period where Defendant paid Freeland on an untimely basis.

68. Moreover, Plaintiff was denied the time-value of his money by Defendant's underpayments. Plaintiff was unable to invest, save, or purchase utilizing the wages he earned and was owed by June 13, 2021, respectively, and all other similarly underpaid workweeks.

69.     Plaintiff was similarly underpaid for every workweek that he was paid his lawfully earned wages after more than seven days within the time he completed his work.

70.     Throughout his employment, Defendant failed to provide Freeland with accurate wage statements with each payment of wages as required by the NYLL, because the wage statements provide to Plaintiff by Defendant failed to notate Plaintiff's lawful overtime rate.

71.     Moreover, these pay statements rendered Freeland unable to understand his proper overtime rate, because the statements did not notate the exact weeks Freeland worked overtime and received bonuses. *See* **Exhibit A**.

72.     Defendant's failure to provide Plaintiff with accurate wage statements not only misinformed Plaintiff about the correct overtime rate he was entitled to receive, but they did not permit Freeland to accurately determine what amounts he was being underpaid by. This allowed to Defendant to continue their unlawful pay scheme.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of FLSA Collective.

75.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

76.     Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay,

including commissions, for all hours worked in excess of 40 per workweek.

77. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

80. Defendant failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay, including commissions – for all hours worked beyond 40 per workweek.

81. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

84. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

85. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### SIXTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the New York Class)**

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

88. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to

provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Hourly Workers in the United States who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for FTTDC. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

E. Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Liquidated damages permitted by law pursuant to the NYLL;

G. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five

thousand dollars each, as provided for by NYLL, Article § 198;

      H.      Prejudgment and post-judgment interest;

      I.      Reasonable attorneys' fees and costs of the action; and

      J.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       August 10, 2023

                                          Respectfully submitted,

                                          */s/ Brian S. Schaffer*
                                          Brian S. Schaffer

                                          **FITAPELLI & SCHAFFER, LLP**
                                          Brian S. Schaffer
                                          Hunter G Benharris
                                          28 Liberty Street, 30th Floor
                                          New York, New York 10005
                                          Telephone: (212) 300-0375

                                          *Attorneys for Plaintiff and*
                                          *the Putative Class*