# **EXHIBIT C**

# *HERIBERTO A. CABRERA*
Attorney at Law

**480 39th Street**  **Tel: 718-439-3600**
**Brooklyn, NY 11232**  **Fax: 718-439-1452**

April 12, 2023

The Honorable Brian M. Cogan
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Quieju v. La Jugueria Inc., et al.,
    Dkt. No.: 23-cv-00264-BMC

The instant letter motion to show cause is filed at the request of the Court by Order dated March 29, 2023. The instant action seeks unpaid overtime wages, minimum wages, spread of hours, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, and spread of hours resulting from plaintiff's work at the restaurant premises of defendants. By this writing, plaintiff respectfully submits that he has standing to bring his claims in federal court (Count 4) alleging wage statement and wage notice claims under NYLL § 195, and § 198.

In its March 29, 2023 Order this Court relied on its holding in the case of Deng v. Frequency Electronics, Inc., 21-cv-6081, 2022 WL 16923999, at *8-10 (E.D.N.Y. Nov. 14, 2022) as its underlying basis for its *sua sponte* expressed intention to dismiss the referenced count. The Deng decision largely rests on the holding in Transunion LLC, Petitioner v. Servio L. Ramirez, 141 S.Ct. 2190, where the court declined to grant standing because there was "No concrete harm, no standing." In its decision the Ramirez court held that Article III standing to

sue in federal court requires "'a close relationship' to a harm…-such as physical harm, monetary harm, or various intangible harms …" Ramirez at 2200.

Other courts have grappled, and continue to address this very issue of standing regarding FLSA actions which allege statutory violations. The Southern District Court of New York addressed this very issue in the case of Mateer, et al., v. Peloton Interactive, Inc. 22 Civ. 740 (LGS) where Judge Schofield denied Defendant's motion to dismiss plaintiff's New York Wage Theft Prevention Action claim finding that "The Second Circuit has described the injury-in-fact requirement as "a low threshold." Citing, John v. Whole Food Markets Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017). In the Mateer case, the court permitted the filing of an amended complaint where there was specific language alleging that Defendant's violations "'resulted in the underpayment of wages,' and monetary injury is a concrete harm sufficient for purposes of Article III standing." Mateer, et al., v. Peloton Interactive, Inc. 22 Civ. 740 *4; Citing, Ramirez at 2204.

It is undeniable that there are conspiratorial overtones in an employer's refusal and/or neglect to tender the appropriate notices to an employee. Clearly, the reasons why employers do not present employees with the requisite employment notices is so that the employee will be maintained in the dark and uninformed regarding the minimum wage and overtime rates required to be paid by employers. This failure of the employer to fulfill the mandate of the law, is of extreme benefit to the employer and exposes the employee to concomitant economic injuries. This injury is true, and should not be overlooked by the courts in making a determination as to whether a "real" injury is suffered by the worker who is kept in the "dark" about the legal rates of pay.

For all the foregoing reasons, it is respectfully requested this Court decline to dismiss count Four alleging violations of the notice requirements under NYLL, or in the alternative to permit Plaintiff an opportunity to amend the complaint so as to more concretely express the financial injury he has suffered as a result of the employers' failure to provide the required notices under NYLL NYLL § 195, and § 198.

        Respectfully submitted,

        /s/

        Heriberto Cabrera