UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

ERIC FREELAND,

                              Plaintiff,

                                                                         Case # 22-CV-6415-FPG

v.

                                                                            DECISION AND ORDER

FINDLAY'S TALL TIMBERS DISTRIBUTION
CENTER, LLC,

                              Defendant.
───────────────────────────────────────

       In September 2022, Plaintiff Eric Freeland filed this putative class action against Defendant Findlay's Tall Timbers Distribution Center, LLC. ECF No. 1. In July 2023, the Court granted in part and denied in part Defendant's motion to dismiss. *Freeland v. Findlay's Tall Timbers Distrib. Ctr., LLC*, 681 F. Supp. 3d 58 (W.D.N.Y. 2023) [hereinafter "*Freeland I*"]. In pertinent part, the Court concluded that a private right of action existed for violations of New York Labor Law § 191(1)(a), which requires that manual workers be paid on a weekly basis. *See* N.Y.L.L. § 191(1)(a)(i) ("A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."); *Freeland I*, 681 F. Supp. 3d at 72-75. In May 2024, the Court granted Defendant's motion to dismiss Plaintiff's claim for violation of N.Y.L.L. § 195(3), which requires employers to furnish employees with wage statements containing various information. *See Freeland v. Findlay's Tall Timbers Distrib. Ctr., LLC*, No. 22-CV-6415, 2024 WL 2702201 (W.D.N.Y. May 24, 2024) [hereinafter "*Freeland II*"].

       Both parties have now filed motions for reconsideration. Defendant moves for reconsideration of the Section 191 claim, ECF No. 32, and Plaintiff moves for reconsideration of the Section 195 claim, ECF No. 54. The Court may resolve these motions in short order.

1

As a general matter, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *see also* Fed. R. Civ. P. 54(b).  A litigant seeking reconsideration must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015); *see also Micolo v. Fuller*, No. 6:15-CV-06374, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) ("To merit reconsideration under Rule 54(b), a party must show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." (internal quotation marks omitted)).

The Court grants Defendant's motion for reconsideration.  When it permitted Plaintiff to proceed with a claim under Section 191, the Court relied on the First Department's opinion in *Vega v. CM & Associates Construction Management*, 107 N.Y.S.3d 286 (1st Dep't 2019).  *See Freeland I*, 681 F. Supp. 3d at 72.  In *Vega*, the First Department held that a private right of action exists for violations of Section 191.  *See Vega*, 107 N.Y.S.3d at 288.  This Court declined Defendant's invitation to depart from *Vega* "in the absence of any contrary New York authority or other persuasive data establishing that the [Court of Appeals] would decide otherwise." *Freeland I*, 681 F. Supp. 3d at 72.

After the Court issued its decision in *Freeland I*, however, the Second Department issued *Grant v. Global Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117 (2d Dep't 2024), in which it declined to follow *Vega* and held that no private right of action exists for violations of Section 191.  *See Grant*, 204 N.Y.S.3d at 125-26.  With this additional authority in hand, this Court held in *Galante v. Watermark Services IV, LLC*, No. 23-CV-6227, 2024 WL 989704 (W.D.N.Y. Mar. 7, 2024), that "the New York Court of Appeals is unlikely to determine that either an express or implied

private right of action exists for violations of NYLL § 191," and it therefore dismissed the plaintiff's Section 191 claim. *Galante*, 2024 WL 989704, at *11.

For the reasons stated in *Galante*, the Court agrees with Defendant that no "express or implied private right of action exists for violations of NYLL § 191." *Id.* Accordingly, Plaintiff's Section 191 claim is dismissed.

The Court also grants Plaintiff's motion for reconsideration. In *Freeland II*, the Court dismissed Plaintiff's Section 195 claim for lack of standing. As is relevant here, the Court rejected Plaintiff's theory that his inaccurate wage statements caused concrete harm in that they "prevented [him] from contesting the wage and hour deficiencies to which [Defendant] subjected him." *Freeland II*, 2024 WL 2702201, at *4 (internal quotation marks and brackets omitted).

After the Court's decision, the Second Circuit issued *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024), in which it held that "a plaintiff-employee who has plausibly shown that defective notices led him or her to lose wages has [a sufficient] concrete interest and is not simply policing legal infractions in the abstract." *Guthrie*, 113 F.4th at 310. The Second Circuit expressly rejected this Court's reasoning in *Freeland II*. *See id.* at 309 n.6. Following *Guthrie*, district courts are in agreement that a plaintiff has standing if he plausibly alleges that, by failing to provide the required wage statements, the employer was "able to hide [its] violations of wage and hour laws" and thus prevent the employee from "determining and seeking payment for the precise amount of [his] unpaid wages." *Castillo v. Hollis Delicatessen Corp.*, No. 22-CV-5476, 2024 WL 4107258, at *1 n.1 (E.D.N.Y. Sept. 6, 2024); *see also, e.g.*, *Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518, 2024 WL 4275286, at *10 (S.D.N.Y. Sept. 24, 2024); *Cinar v. R&G Brenner Income Tax, LLC*, No. 20-CV-1362, 2024 WL 4224046, at *4 (E.D.N.Y. Sept. 18, 2024)

(collecting cases); *Rosas v. M & M LA Solucion Flat Fixed Inc.*, No. 23-CV-1212, 2024 WL 4131905, at *12 (E.D.N.Y. Sept. 10, 2024).

Here, Plaintiff alleges that Defendant's failure to provide him with accurate wage statements "misinformed [him] about the correct overtime rate he was entitled to receive" and prevented him from "accurately determin[ing] what amounts he was being underpaid by," which "allowed [] Defendant to continue their unlawful pay scheme." ECF No. 20 ¶ 72. To the extent Defendant challenges the inference that the erroneous wage statements could have misled Plaintiff, that is an issue better addressed after discovery. Taking the allegations in the light most favorable to Plaintiff—as the Court is required to do at this early stage, *see Freeland II*, 2024 WL 2702201, at *2—Plaintiff's allegations are sufficient to establish standing for purposes of a Section 195 claim. *See Guthrie*, 113 F.4th at 309-10.

Accordingly, Plaintiff's motion is granted, and the Section 195 claim is reinstated.

## CONCLUSION

For the reasons discussed above, Defendant's motion for reconsideration (ECF No. 32) is GRANTED, and Plaintiff's Section 191 claim is dismissed. Plaintiff's motion for reconsideration (ECF No. 54) is GRANTED, and Plaintiff's Section 195 claim is reinstated. Defendant shall file its answer to the amended complaint by November 20, 2024.

IT IS SO ORDERED.

Dated: November 1, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York